HENRY KEYSER v. THE HARTFORD FIRE INSURANCE COMPANY.

*Fire insurance—Forfeiture—Additional insurance.*

1. The existence of a *valid* insurance policy on property covered by a *second* policy which declares that it shall be void in case there is *then*, or during its life there *shall be*, any additional insurance, whether valid or not, renders the second policy void.

2. Where the insured paid the premium, and retained an insurance policy until a loss occurred, never offering to surrender it or having any treaty with the company for its cancellation, and the agent who issued the policy had no knowledge of a second one on the same property until after the fire, of which he was notified by the insured,—

  *Held*, that the *first* policy was in full force.

Error to St. Clair.   (Stevens, J.)   Argued June 16, 1887. Decided July 7, 1887.

Assumpsit.   Plaintiff brings error.   Affirmed.   The facts are stated in the opinion.

*Atkinson & Vance*, for appellant.

*P. H. Phillips*, for defendant.

SHERWOOD, J.   The action in this case is brought to recover the amount claimed to be due on a policy of insurance after due proofs of loss sustained had been made.

The policy was issued to the plaintiff December 3, 1883, and was to continue in force against the defendant company for three years.

On the thirtieth day of July previous, the plaintiff obtained a policy in the Glens Falls Insurance Company, which was to continue three years, on which he paid $5.25 premium, covering the same property.   This policy contained the following clause:

" This policy shall be void     *     *     *     if there is now, or during the continuance of this policy shall be, any other insurance on the property herein specified, or any part thereof, whether valid or not."

Shortly after receiving the last-named policy, the plaintiff alleges that he was informed that the company was not good, and, believing his information to be true, it was his intention to abandon his contract with it, and with such intention he went to the agent of the Hartford Company, and took out the policy declared upon.   This policy contains the following clause, viz:

" If the assured under this policy shall have, or shall hereafter make, any other insurance on the property hereby insured, whether such other insurance is valid or invalid, without the consent of this company written hereon     *     * *     then, and in every such case, this policy shall be void."

The plaintiff said nothing to the agent of either company of what he had done, at or after the time of obtaining the policies, or at the time he made application therefor, until after the fire occurred which destroyed his property, and then protested that he at all times relied upon the contract he had with the defendant, and never upon his Glens Falls policy, and never at any time intended to effect double insurance, and never supposed he had done so.

To the plaintiff's declaration upon the Hartford policy, claiming damages to the amount of $1,000, the defendant, by its attorney, pleaded the general issue, and gave notice that it would show upon the trial want of notice of the Glens Falls insurance when it issued its policy to the plaintiff, who concealed the existence of such policy from the defendant and its agents, and the said plaintiff attempted to commit a fraud upon the defendant in obtaining said policy; that in the proofs of loss made to the defendant company plaintiff falsely swore that there was no other insurance upon the property obtained by him; and that, in consequence of the facts pleaded, the plaintiff forfeited all right to recover

against the defendant, and that, in consequence of the false representations of the plaintiff in obtaining his policy of defendant, the same was void, and never of any force.

The cause was tried in the St. Clair circuit, before Judge Stevens with a jury, and at the close of the trial he instructed the jury as follows:

" This action is brought to recover upon this insurance policy issued by the Hartford Insurance Company.

" There is no dispute between the parties in respect to the principal features in the case, viz., that the insurance company issued this insurance policy, and prior to the time it was issued an insurance policy, covering substantially the same property, had been taken out by the plaintiff in the Glens Falls Insurance Company.

" There is no question made but that the loss sustained by the burning of the property was equivalent in value to the amount covered by the insurance policy sued upon; but the defendant insists that the issuing of the second policy, without any writing to the effect that there was a prior insurance, and without bringing knowledge of such insurance home to the insurance company, defeated the policy that is in suit; and it is my conclusion gentlemen, that such was the effect; that, the second policy having been issued while there was an outstanding policy held by the plaintiff, under the contract contained in the condition of this policy, there could be no recovery; and there is no evidence in the case that would tend to show that, after the knowledge of the prior insurance was brought to the notice of the defendant in this case, it in any manner waived its rights to insist upon the invalidity of the policy on account of the prior insurance. This being so, your verdict would necessarily be for the defendant."

And thereupon the jury, without leaving their seats, rendered a verdict for the defendant as directed by the court, upon which judgment was afterwards duly entered.

It appears by the testimony in the case that, after the plaintiff's property had been destroyed, the agent of the Glens Falls Company residing at Port Huron notified his company of the same, and at once took the necessary action to ascertain the loss and its extent; and for that purpose the plaintiff met the company's agent at his office in Port

Huron, where he had prepared a statement of the loss for the plaintiff to sign, but which he neglected so to do.

The plaintiff insists that by the terms of the Glens Falls policy it became invalid and void by the issuance of the Hartford policy; that the act of issuing the Hartford policy rendered the other policy void; that this policy being void by the making of the second policy, there was no policy of insurance to operate on or affect the conditions of the Hartford policy; and that it continued and remained a valid and existing insurance.

There can be no doubt, I think, if the first policy was valid, and could be enforced when the second was made, under the facts stated, the second would be void as soon as made. The vital question in the case, then, is, was the first policy in *effect* immediately before the second was made? There is no claim that any misrepresentation was made at the time the plaintiff obtained the policy in the Glens Falls Company on either side. The plaintiff paid the premium, and took his policy, and kept it until the fire occurred. He never offered to surrender it; neither did he have any treaty with the company upon that subject, or for its cancellation; and the agent at Port Huron who took the plaintiff's application, and gave him his policy, says he did not know of the Hartford policy until after the fire, and that they were notified of the fire by Keyser; that at the time the Hartford policy was taken the first policy was in full force; and I do not think there is any testimony in the case tending to prove to the contrary.

The second policy appears to have been obtained by the plaintiff in direct violation on the part of the plaintiff of one of the conditions upon which its validity rests, and he cannot escape the consequences.

The authorities in our own Court, cited by counsel in their briefs, while perhaps not exactly in point, have a strong tendency leading to the conclusion we have reached.

The judgment must be affirmed.

The other Justices concurred.